GLENN HIGHTOWER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hightower v. Commissioner
Docket No. 11485-81.
United States Tax Court
T.C. Memo 1982-559; 1982 Tax Ct. Memo LEXIS 193; 44 T.C.M. (CCH) 1228; T.C.M. (RIA) 82559; September 23, 1982. Marilyn Barrett, for the petitioner. Michael C. Cohen, for the respondent. WILES
*195 MEMORANDUM OPINION WILES, Judge: This matter is before the Court on motions for summary judgment filed by both parties pursuant to Rule 121. [1]
Glenn Hightower resided in Pasadena, California, on the date he filed his petition in this case. He filed his 1978 individual income tax return with the Internal Revenue Service Center, Fresno, California. The sole issue before us is whether in computing the tax on self-employment income, the deduction for wages paid by a partnership must be reduced by the amount of the section 44B(a) [2] new jobs credit elected by the partnership. See secs. 280C(b) and 1402(a). The parties agree that there is no dispute in the instant case with respect to any material fact and, therefore, summary judgment is appropriate. [3] Rule 121(b). *196 During 1978, petitioner was self-employed as a general partner in a partnership known as APH Technological Consulting (hereinafter the partnership). The partnership was entitled to, and did, claim a new jobs credit for the year pursuant to section 44B(a). Petitioner's allocable share of the new jobs credit was $12,715.47 for 1978. In computing the tax imposed by chapter 1 of subtitle A of the Code, petitioner's distributive share of partnership income ($5,333.31) reflected a wages paid deduction which had been reduced by the amount of petitioner's new jobs credit, pursuant to section 280C(b). [4] In computing his 1978 tax on self-employment income which is imposed by chapter 2 of subtitle A of the Code, petitioner adjusted his $5,333.31 distributive share of partnership income by increasing his allocable share of the partnership's wages paid deduction by $12,715.47, the amount which represented petitioner's share of the partnership's new jobs credit. By making such an adjustment, petitioner showed a loss upon computing his self-employment income for 1978 and, therefore, paid no tax on such income for that year. *197 Section 44B(a) expressly provides that the new jobs credit is allowed "as a credit against the tax imposed by thischapter * * *." [Emphasis added.] The phrase "this chapter" refers to chapter 1 of subtitle A of the Code, and, therefore, the new jobs credit is not available to reduce or offset the tax on self-employment income, which is provided for in chapter 2 of subtitle A. Since the partnership elected the section 44B credit it had to reduce its wages paid deduction by the amount of such credit pursuant to section 280C(b), at least for purposes of computing the tax imposed by chapter 1 of the Code. Consequently, petitioner's distributive share of partnership income reflected this reduced wages paid deduction when he computed the tax imposed by chapter 1. See secs. 702(a) and 703(a). The question before us is whether this reduced wages paid deduction should be used in computing the tax due on petitioner's self-employment income. Since petitioner is unable to use his distributive share of the partnership's new jobs credit for purposes of computing his self-employment tax liability, he argues that he is entitled to deduct his distributive share of the entire amount *198 of the wages paid by the partnership, not the reduced amount which he used in computing the tax imposed by chapter 1. Respondent, on the other hand, maintains that petitioner's position is contrary to sections 44B(a), 162, 280C, and 1402(a). [5] For reasons set forth below, we agree with and hold for respondent. Section 1401 imposed a tax on the self-employment income of every individual. Section 1402(b) defines the term "self-employment income" to mean the net earnings from self-employment derived by an individual. Section 1402(a) defines the term "net earnings from self-employment," as follows: The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business, plus his distributive share * * * of income or loss described in section 702(a)(8) from any trade or business carried on by a partnership of which he is a member * * *. [Emphasis added.] The partnership elected to take the section 44B(a) *199 new jobs credit and, therefore, the credit was passed through to petitioner and the other members of the partnership. Secs. 702(a) and 704. As a consequence of electing the new jobs credit, section 280C(b) requires the partnership's wages paid deduction to be reduced by the amount of the new jobs credit. Petitioner's distributive share of partnership income reflected this reduced wages paid deduction when he computed the tax imposed by chapter 1 of subtitle A of the Code. Since section 1402(a) expressly states that a partner's net earnings from self-employment includes "his distributive share * * * of income or loss * * * from any trade or business carried on by a partnership of which he is a member," petitioner's adjustment to his distributive share of partnership income for purposes of computing his tax on self-employment income was not authorized by section 1402(a). Moreover, the reduced wages paid deduction was precisely one of the "deductions allowed by" subtitle A once the partnership elected to take the new jobs credit. Thus, respondent properly determined that the reduced wages paid deduction must be used in computing petitioner's net earnings from self-employment for purposes *200 of calculating the tax imposed thereon. See sec. 1402(a). Petitioner argues, however, if the term "allowed" in section 1402(a) is read to mean "allowable" then his computation of the self-employment tax is correct because the entire wages paid deduction was "allowable" under section 162(a). We find petitioner's argument to be meritless for two reasons. First, the term "allowed," not the term "allowable," appears in section 1402(a). Secondly, even if the term "allowable" appeared in that section we do not think that such wording would require a different result. Once the partnership elected to take the new jobs credit the only wages paid deduction that was "allowed" or "allowable" under subtitle A was a wages paid deduction that had been reduced by the amount of that credit pursuant to section 280C(b). Petitioner's interpretation, on the other hand, would give self-employed taxpayers who elected the new jobs credit for purposes of computing their chapter 1 tax liability a full wages paid deduction for purposes of computing their chapter 2 (i.e., self-employment tax) tax liability. Under petitioner's interpretation of section 1402(a), a self-employed taxpayer, who did not *201 elect the new jobs credit for purposes of computing his chapter 1 tax liability would be entitled to the same wages paid deduction for purposes of computing his chapter 2 tax liability as a taxpayer who elected to take the new jobs credit. Deductions are a matter of legislative grace, New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934), and we do not think that the language of section 1402(a) intends a result other than to provide for a reduced wages paid deduction whenever a self-employed taxpayer elects the new jobs credit. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all Rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended. ↩
3. Although petitioner appeared before the Court when the case was heard on March 22, 1982, he has requested another hearing. Since the issue before us is purely a matter of law and none of the facts are in dispute, we see no need to hold any further hearings on the matter.↩
4. Section 280C(b) provides, in pertinent part, as follows: (b) Rule for Section 44B Credit.--No deduction shall be allowed for that portion of the wages or salaries paid or incurred for the taxable year which is equal to the amount of the credit allowable for the taxable year under section 44B (relating to credit for employment of certain new employees) determined without regard to the provisions of section 53 (relating to limitation based on amount of tax). * * *↩
5. Respondent has set forth his position in Rev. Rul. 79-396, 1979-2 C.B. 309↩.